UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 NOV 12 AM 11:00

| | |
|---|---|
| OLLEN G. COLBERT ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CASE NO. C-1-00-909 |
| ) | |
| CINCINNATI GAS & ELECTRIC and ) | JUDGE: J. Dlott |
| INTERNATIONAL BROTHERHOOD ) | Magistrate Judge Hogan |
| OF ELECTRICAL WORKERS, ) | |
| LOCAL 1347 ) | |
| ) | |
| Defendants. ) | |

### CG&E's LIMITED OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant, Cincinnati Gas & Electric, by its counsel, objects to an extension of discovery without a commensurate extension of summary judgment deadlines and an extension of the trial date. Defendant also objects to further paper discovery in this case. Moreover, the information set forth in support of plaintiff's motion is not complete:

1. The parties agreed to an extension of certain deadlines in this case and filed an Agreed Motion for Extension with Court on or about September 24, 2004. The discussion leading to those deadlines ensued in September as evidenced by a copy of the email attached as Exhibit A. The parties agreed that discovery would close November 15, 2004. The parties also agreed that defendants could finish deposing plaintiff and that CG&E would make available supervisor Bricking for deposition prior to the close of discovery. CG&E also requested a response to its then outstanding paper discovery requests. Plaintiff made no mention of further paper discovery.

2. Following several telephone calls between plaintiff's counsel and the undersigned, the parties agreed to depositions on November 11, 2004, which plaintiff's counsel represented was

convenient to her. Plaintiff's deposition was scheduled for 9:00 with Bricking's deposition to follow. An email confirming that arrangement is attached as Exhibit B.

3. Plaintiff's deposition was duly noticed and set up for November 11, 2004, beginning at 9:00 a.m. as agreed. A copy of the notice is attached as Exhibit C.

4. At the conclusion of plaintiff's deposition at or about 12:20 p.m., plaintiff's counsel indicated that she was not prepared to take Mr. Bricking deposition as she did not believe that the date for the deposition had been established. Counsel for CG&E was prepared to make him available at the agreed-upon time. As a result of plaintiff's counsel's lack of preparation, the deposition did not take place. During the discussion about the deposition, plaintiff's counsel, for the first time, began asking for paper discovery, indicating that she would be sending discovery requests. The undersigned objected to both the failure to take Bricking's deposition and any belated discovery requests as discovery was to be concluded by November 15, 2004. However, CG&E's counsel asked plaintiff's counsel to call her to discuss the matter.

5. Plaintiff's counsel is aware that CG&E's counsel is located in Plainfield Indiana and would have to travel back to Indiana from the deposition in Ohio. Apparently, while the undersigned was enroute to Indiana, plaintiff's counsel left a message indicating that she would file this motion, making it impossible to either object or to respond.

6. CG&E is prepared to allow the deposition of Mr. Bricking go forward on an agreed upon date but objects to any further paper discovery at this late date. Plaintiff's counsel has literally had years to ask for materials and has not done so. Further, CG&E objects to an extension of discovery without a commensurate extension of the summary judgment deadline and trial date. Based on plaintiff's deposition completed on November 12, 2004 (which remains to be

transcribed), summary judgment is substantially viable. The defendants seek the opportunity to present that motion and have it heard well in advance of trial.

Based on the foregoing, defendant CG&E requests that plaintiff's Motion for Extension of Time be denied as stated and that the Court enter an order allowing for a limited extension of discovery for the deposition of Mr. Bricking only, with a commensurate extension of the summary judgment deadline to 30 days after the Bricking deposition has been taken and an extension of the trial date to at least May 2005, to ensure sufficient time to consider the motion for summary judgment.

Respectfully submitted,

*(signature)*

Ariane Schallwig Johnson, Attorney No. 0077236
One of the counsel for CG&E

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Appearance was electronically filed this 12th day of November 2004, and will therefore be electronically mailed to:

Rose Ann Fleming fleming@xavier.edu, Attorney for Plaintiff
Jerry A. Spicer snyrakspi@aol.com, Attorney for Defendant, International Brotherhood of Electrical Workers, Local 1347
Eric S. French efrench@cinergy.com, Attorney for Defendant, The Cincinnati Gas & Electric Company
Julie L. Ezell julie.ezell@cinergy.com, Attorney for Defendant, The Cincinnati Gas & Electric Company

Ariane Schallwig Johnson

Ariane Schallwig Johnson
Julie L. Ezell
CINERGY SERVICES, INC.
1000 E. Main Street
Plainfield, IN 46068
Telephone: 317 838-1235
Fax: 317-838-1842