**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **OLLEN G. COLBERT** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | CASE NO.  1:00-CV-00909-SJD-TSH |
| | ) | |
| **CINCINNATI GAS & ELECTRIC and** | ) | JUDGE:  J. Dlott |
| **INTERNATIONAL BROTHERHOOD** | ) | Magistrate Judge Hogan |
| **OF ELECTRICAL WORKERS,** | ) | |
| **LOCAL 1347** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION**

Defendant, Cincinnati Gas & Electric Company, by counsel, objects to plaintiff's Emergency Motion for Clarification for the following reasons:

1.      This Court's Order of December 7, 2004, was clear.  It granted in part plaintiff's motion for discovery for the sole purpose of allowing the deposition of Donald Bricking to go forward.  That deposition occurred on December 10, 2004.  The Order disallows plaintiff's further request to engage in paper discovery as this case has been pending for a number of years and there has been ample opportunity to issue such requests.

2.      At deposition, plaintiff had opportunity to ask questions concerning the company handbook and Mr. Bricking testified to the best of his knowledge. He indicated that there was a progressive disciplinary policy and that it was followed. In fact, the evidence through exhibits introduced in plaintiff's deposition, shows each step was followed and that over the course of his work history, plaintiff was given many opportunities to improve his work performance.  The

employee handbook, while of some relevance, has nothing to do with plaintiff's ability or inability to prove that other similarly situated individuals were treated differently. The record, based largely on plaintiff's own testimony at this point, is that he has no evidence that anyone was treated differently.

      3.      The collective bargaining agreement in place during Colbert's early years of employment is an exhibit in the record. The relevant portions of the agreement in place in the later years of his employment are also in the record. Colbert testified that nothing of substance changed during his years of employment. Thus, his counsel has access to the bargaining agreement through exhibits introduced in her client's deposition.

      4.      This case is ripe for disposition and no further discovery is warranted.

For all these reasons, defendant, CG&E respectfully requests that plaintiff's motion be denied.

                        Respectfully submitted,

                        CINERGY CORP.

                        By:    s/Ariane Schallwig Johnson
                                Ariane Schallwig Johnson, #2104-45
                                One of the Attorneys for Cincinnati Gas & Electric

**CERTIFICATE OF SERVICE**

   I hereby certify that on **December 16, 2004**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Rose Ann Fleming
Rose Ann Fleming Professional Legal Corp.
3855 Ledgewood Drive, Suite 13
Cincinnati, OH 45207
fleming@xavier.edu

Jerry A. Spicer
Snyder, Rakay & Spicer
11 West Monument Building, Suite 307
Dayton, OH 45402
snyrakspi@aol.com

                s/Ariane Schallwig Johnson
                Ariane Johnson

Ariane Schallwig Johnson
LEGAL DEPARTMENT
CINERGY SERVICES, INC.
1000 E. Main Street
Plainfield, IN 46168
Telephone: 317/838-1285
Facsimile: 317/838-1842
ariane.johnson@cinergy.com