Rose Ann Fleming
ROSE ANN FLEMING PROFESSIONAL CORPORATION
3855 Ledgewood Drive, Suite 13
Cincinnati, OH 45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **OLLEN G. COLBERT, Jr.,**<br><br>Plaintiff,<br><br>vs.<br><br>**CINERGY, AND THE CINCINNATI GAS AND ELECTRIC COMPANY, et al.,**<br><br>Defendants. | Case No.: 1:00-cv-00909<br><br>Magistrate Judge Timothy Hogan<br><br>**REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION** |

Comes now, Ollen G. Colbert, Jr., by and through Counsel, and for a Reply to Defendants' Objections states:

1. Defendants, Cinergy and The Cincinnati Gas and Electric Company, find the Order clear because it allowed Plaintiff to take Mr. Bricking's deposition without requiring Defendants to provide any of the production of documents that Plaintiff sought for the purpose of obtaining meaningful discovery. Plaintiff does not believe that the Court, when it allowed an extension of time to take Mr. Bricking's deposition, meant the Plaintiff could not have the documents, requested pursuant to Rule 34 of the Federal Rules of Civil Procedure, to focus deponent's comments on critical documents necessary to resolved the issues of job discrimination which is central to this case.

The Court's Order of September 30, 2004 had extended discovery until November 15, 2004. Plaintiff's request for a further extension of time to December 14, 2004 was made on November 11, 2004, well within the time for asking for extensions.

If "the limited purpose" for the extension meant taking Donald Bricking's Deposition without requiring Defendants' to produce the documents requested for the Deposition, such a restriction should be clearly stated by the Court. However, the Court is silent regarding the fact that Defendants were restricted by the Court Order from responding to Plaintiff's request for production of documents. Plaintiff is asking for clarification in regards to such as restriction.

2. Defendant states that the Company employee handbook, while of some relevance, had nothing to do with Plaintiff's ability or inability to prove that other similarly situated individuals were treated differently. From the Plaintiff's point of view, if the procedures in the handbook were not applied with equal harshness to similarly situated employees, then the employee handbook for the relevant years in question, is critical to Plaintiff's case. In the Docket, Plaintiff's case is classified as "Jobs Discrimination ( Race)". The employee handbook is very relevant, not just somewhat relevant. Plaintiff requested it as part of his Request for Production of Documents, served prior to the discovery deadline.

3. Defendants further states that the Union's Collective Bargaining Agreement with Defendant Cinergy and the Cincinnati Gas and Electric Company is already part of the record for "the early years". Plaintiff was terminated in March, 2000. Plaintiff could not find the copy of 1997 though 2000 and requested pursuant to Rule 34, but did not receive it. The Plaintiff did find that one of Defendants' Exhibit in their deposition of Mr. Colbert, was Article I of the 1997 Agreement. Plaintiff's Counsel could not find the relevant pages on the grievance procedure. Plaintiff's Complaint states that the Union did not represent him fairly because the Union did not follow its grievance procedure. Plaintiff needs the entire 1997-00 Collective Bargaining Agreement to pursue his case. Hence, Plaintiff requested the relevant Collective Bargaining Agreement, but did not receive it.

4. Defendants state that this case is ripe for disposition. That may be true, but, in a case which alleges job discrimination because of treatment of an employee based on race by an

employer and by the union, justice requires that the Court, not one of the parties, should decide as to when the case is ripe for disposition.

Plaintiff, having responded to Defendants' objections, respectfully requests the Court for clarification on the issue of the extension of discovery to take a deposition without access to Defendants documents, and on the finality of the Order itself.

Dated this 27th day of December, 2004.

                /s/ Rose Ann Fleming
                Rose Ann Fleming
                Bar Id. #0041337
                ROSE ANN FLEMING, P.C.
                3855 Ledgewood Drive,
                Suite 13
                Cincinnati, OH 45207
                Phone: 513-924-8389
                Fax: 513-924-8389
                Email: Fleming@xavier.edu
                Attorney for Plaintiff

## CERTIFICATE OF ELECTRONIC SERVICE

**I HEREBY CERTIFY** that December 27, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ariane S. Johnson, Esq.
Attorney for Defendant Cinergy and The Cincinnati Gas and Electric Company
Cinergy Services Inc.
1000 East Main Street
Plainfield, IN 46168
and
Jerry A. Spicer, Esq.
Snyder, Rakay & Spicer
11 W. Monument Building
Suite 307
Dayton, OH 45402

/s/ Rose Ann Fleming
Rose Ann Fleming
Bar Id. #0041337
ROSE ANN FLEMING, P.C.
3855 Ledgewood Drive, Suite 13
Cincinnati, OH  45207
Phone: 513-924-8389
Fax: 513-924-8389
 Email: Fleming@xavier.edu
Attorney for Plaintiff

4