UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| OLLEN COLBERT, | * | |
| Plaintiff, | * | |
| vs. | * | Case No. C-1-00-909 |
| CINCINNATI GAS & ELECTRIC CO., et al. | * | Judge Susan Dlott |
| | * | Magistrate Timothy Hogan |
| Defendants. | * | |

AFFIDVAIT OF FRANCIS B. KELLY

STATE OF OHIO        )
COUNTY OF BUTLER  ) SS:

I, Francis B. Kelly, being first duly cautioned and sworn, state upon my personal knowledge and belief, that:

1. I was the Business Manager and Financial Secretary for the International Brotherhood of Electrical Workers, Local Union 1347 ("Local 1347") in 2000, at the time of Ollen Colbert's termination by CG&E. I have been a member of Local 1347 since 1965. I was elected as Business Manager of Local 1347 in 1995, and previously was the Assistant Business Manager from 1992 through 1995. I am familiar with the terms of the collective bargaining agreement between CG&E and Local 1347, and have conducted numerous investigations to decide whether a grievance filed under the collective bargaining agreement should be pursued to arbitration. In my capacity as Business Manager, I also settled many grievances.

2. I am familiar with the grievance filed by Local 1347 member Ollen Colbert concerning his demotion by CG&E from a Groundperson Driver "A" job to a Construction Helper job in 1995. I investigated the grievance and spoke with Mr. Colbert, other union

officials and with CG&E management. I attended the fourth step grievance meeting and met with Mr. Colbert and International Representative Gary Klinglesmith over the ultimate decision not to pursue this grievance to arbitration.

3. The decision not to pursue the grievance to arbitration was based upon the information obtained in the investigation and the discussions with Mr. Klinglesmith, Mr. Colbert, and CG&E management, including Mr. Colbert's work and disciplinary history. I decided not to pursue arbitration because, based on all the facts and circumstances, I concluded that the grievance was not meritorious and that CG&E would prevail in arbitration as there was no breach of the collective bargaining agreement. Although Local 1347 did not pursue this grievance to arbitration, as a result of the grievance, CG&E agreed to consider Mr. Colbert for promotion back to a Groundperson Driver "A" job in the future if his performance improved.

4. Mr. Colbert was notified of Local 1347's decision not to pursue this grievance to arbitration prior to Local 1347's written notification of withdrawal made on May 1, 1997.

5. Local 1347 has represented Mr. Colbert on numerous other occasions during the course of his employment, sometimes with a written grievance being drafted and sometimes without.

6. Local 1347 did file a written grievance on Mr. Colbert's behalf in 1995 (grievance #11-100-06-95) protesting CG&E's placement of documents in his personnel file. As a result of such grievance CG&E removed the reference to two (2) counseling sessions from a disciplinary letter.

7. Local 1347 also filed and pursued a grievance (#11,120-03-00) on Mr. Colbert's behalf over his termination on May 8, 2000. I conducted an investigation, including talking to Mr. Colbert, other Union officials, and with CG&E management. I also spoke with International

Representative Gary Klinglesmith about the merits of the grievance. After reviewing all the information compiled in such investigation and reviewing Mr. Colbert's work and disciplinary record in light of the U.S. District Court's Judgment in Colbert's previous case (C-1-97-685) wherein the Court concluded that CG&E was permitted to review and rely upon his prior performance and disciplinary records in making their decision, I concluded that the grievance was not meritorious and that CG&E would prevail in arbitration as there was no breach of the collective bargaining agreement.

8. Prior to actually withdrawing the grievance, I sent Mr. Colbert a letter dated August 3, 2000 and advised him that it was Local 1347's decision not to submit this matter to the next step or arbitration unless he could submit further evidence. Mr. Colbert did not submit any additional information to change my decision not to (SBX) arbitrate this matter.

9. I do not recall Mr. Colbert ever offering to pay for his termination grievance to be arbitrated, but even if such offer had been made, I would still not have submitted this grievance to arbitration as it was without merit.

Further, affiant saith naught.

_____
FRANCIS B. KELLY

Sworn to before me and subscribed in my presence by the said FRANCIS B. KELLY, this 13th day of January, 2005.

_____
Notary Public

JERRY A. SPICER, ATTORNEY-AT-LAW
Notary Public-State of Ohio
My Commission has no expiration date
Section 147.03 O.R.C.