UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Ollen G. Colbert
      Plaintiff

vs

The Cincinnati Gas & Electric
Company, et. al.,
      Defendants

Case No. C-1-00-909
(Dlott, J; Hogan, M.J.)

---

**ORDER**

---

     This matter is before the Court on Plaintiff's fourth Motion for Extension of Time to Respond to the Motions for Summary Judgment by Cinergy/The Cincinnati Gas and Electric Company and the International Brotherhood of Electrical Workers, Local 1347 (Doc. 101). Plaintiff represents that counsel for Defendants have no objection to said motion. Plaintiff requests an additional week in which to file his response to Defendants' Motions for Summary Judgment. Plaintiff's motion cites no basis for his request, but the Court assumes Plaintiff's basis is the same or similar to those contained in his previously three requests for extensions. Plaintiff correctly notes that no dates have been set for the Final Pretrial Conference or Trial in this matter. However, it is the practice of the district court not to set such dates until such time as all motions for summary judgment have been resolved. Thus, while Defendants are not prejudiced with respect to the final pretrial and trial dates by Plaintiff's repeated requests for extensions, such extensions seriously infringe upon the Court's ability to move this case forward.

     This having been said, the Court GRANTS Plaintiff's Motion for Extension (Doc. 101). Plaintiff SHALL HAVE UNTIL March 29, 2005 in which to respond to

Defendants' Motions for Summary Judgment. HOWEVER, no further extensions of time in this regard will be granted.

As an additional matter, there seems to be an issue with respect to the Court's previous order extending the discovery deadline for the limited purpose of taking Mr. Bricking's deposition. (*See* Doc. 87).[1] In its review of the order, the Court has noticed that it incorrectly stated that the discovery deadline was extended to September 30, 2004. (*Id.*). As the order was entered on December 7, 2004, the date was obviously a typographical error. It is also clear from a reading of the order in its entirety that the discovery deadline was extended to December 14, 2004 for purposes of Donald Bricking's deposition only. (*Id.* ). Plaintiff seems to believe that, because the Court did not specifically state that no further paper discovery would be permitted, the Court did not rule on such. While the Court believes that the order is clear with respect to the extension, the Court will nonetheless clarify its previous order. In its order, the Court specifically stated, "[t]he discovery deadline shall be extended until December 14, 2004 for the limited purpose of conducting the deposition of Donald Bricking. By this, the Court meant that no further discovery, in any form, shall be permitted, including any discovery requests made after the previous November 15, 2004 discovery deadline.

## IT IS THEREFORE ORDERED THAT:

1) Plaintiff's Motion for Extension of Time to Respond to the Motions for Summary Judgment by Cinergy/The Cincinnati Gas and Electric Company and the International Brotherhood of Electrical Workers, Local 1347 (Doc. 101) is GRANTED. Plaintiff shall have until March 29, 2005 in which to file his Response to the Motions for Summary Judgment by Cinergy/The Cincinnati Gas and Electric Company and the International Brotherhood of Electrical Workers, Local 1347.

---

[1] Defendants filed an Objection to Plaintiff's Emergency Motion for Clarification (Doc. 89). However, the docket does not reflect such a motion as having been filed by Plaintiff. Nonetheless, Plaintiff filed a reply memorandum on the subject (Doc. 90).

2)  No further discovery, in any form, shall be permitted, including any discovery requests made after the previous November 15, 2004 discovery deadline.

**SO ORDERED.**

Date: 3-24/05

Timothy S. Hogan
United States Magistrate Judge