THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO (CINCINNATI)
WESTERN DIVISION

| | |
|---|---|
| **OLLEN G. COLBERT. Jr.,** <br><br> Plaintiff, <br><br> vs. <br><br> **CINERGY,** <br> **THE CINCINNATI GAS AND ELECTRIC COMPANY,** <br><br> AND <br><br> **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1347,** <br><br> Defendants. | Case No.: 1:00-CV-909 <br><br> Judge Susan J. Dlott <br> Magistrate Judge Timothy J. Hogan <br><br><br> **NOTICE OF MANUALLY FILING** <br> **DEPOSITION OF OLLEN COLBERT** |

COMES NOW Plaintiff, by and through counsel, to respectfully give notice of the filling of the signed and sealed copy of Deposition of Ollen Colbert, Vol II, pages 49-120, taken by Defendant Cinergy/The Cincinnati Gas and Electric Company, March 10, 2003, together with Exhibit A and Supplement to Exhibit A as referenced therein.

                                                                               Respectfully submitted,

                                                          /s/Rose Ann Fleming
                                                          Rose Ann Fleming
                                                          BAR ID. #0041337
                                                          ROSE ANN FLEMING, P.C.
                                                          3855 Ledgewood Drive
                                                          Suite 13
                                                          Cincinnati, OH 45207
                                                          Phone: 513-924-8389
                                                          Fax: 513-924-8389
                                                          Email: Fleming@xavier.edu

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 31st day of March, 2005, I electronically re-filed the foregoing filed originally on March 29th day of March, 2005, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ariane Schallwig Johnson, Esq.
Legal Department
Cinergy Services, Inc.
1000 E. Main Street
Plainfield, IN 46168
Telephone: 317-838-1285
Facsimile: 317-838-1842
Ariane.johnson@cinergy.com

and

Jerry A. Spicer
Snyder, Rakay & Spicer
11 West Monument Building, Suite 307
Dayton, OH 45402
937-228-2696
937-228-5248
snyrakspi@aol.com

/s/Rose Ann Fleming
Rose Ann Fleming
BAR ID. #0041337
ROSE ANN FLEMING, P.C.
3855 Ledgewood Drive
Suite 13
Cincinnati, OH  45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu

ADDITIONS

1. I grieved the incident which involved following the pole truck, June 18, 1999, but that did not know the outcome because "when I was dismissed, I had about three or four grievances pending.

2. I grieved the Oral Warning received on 7/1/99 that referred to an incident of not taking his keys from the truck and hanging them in the office at Brecon overnight. In this incident, there was no Union member summoned to the meeting between Bricking and myself. Further, I have a note that a grievance meeting was held on July 27, 1999 but no evidence of a next step in the grievance procedure as I had requested, since I was not satisfied with the outcome.

3. I grieved the written warning that Bricking gave me for cooling off in Storeroom #2 on July 30, 1999. The grievance meeting, first stage was held August 20, 1999, but was not completed, but left hanging between the Company and the Union, at the time of my dismissal. Further Colbert testifies that nothing happened with regard to this grievance prior to my being fired.

.      4. I grieved the one-day suspension that I received for leaving the premises at Brecon Pole Yard, on August 25, 1999, without permission from my supervisor after the United Way Tour was over. It was past practice of the company for employees engaged in taking the United Way Tour, not to have to work after the Tour. I went back to Brecon Pole yard when the Tour adjourned. No one was there to verify whether or not we had to return to work  Since no one was there, I concluded that we were free for the rest of the day based on past practice.

5. I grieved the incident that took place on October 15, 1999, between myself and Tom Sams.. I used abusive language toward Tom Sams but he also used abusive language toward me.   Not until February 23, 2000 was the first step grievance meeting held. At that time, Ollen stated that he wanted to grieve the Tom Sams abusive language allegation and the tardiness to Step #2. Glen Neidlinger, and observer during 1999 and 2000,  for this behavior, combined with coming late to work on October 18, 20, 22, and 23, 1999 was give a three-day suspension .

6. I grieved my indefinite suspension  which I received on March 2, 2000 for not doing the assigned work and I was discharged, March 15, 2000,  The cause of the grievance is as follows: On March  2, 2000, I went to work at Brecon. I had a grievance meeting that day. I was supposed to be at the grievance meeting by 1:00 . . . It was determined that they was going to let me go at 12:00. Brecon pole yard is located in Sharonville. At that time there was construction on I-71 and exists were closed.   I voiced to Mr. Bricking that the time allotted for me to make that meeting, which was mandatory for me to attend, was not enough time for me to cut poles, get cleaned up and then make

the meeting. He would not relent and ordered me to choose my job for the morning or he would dismiss me. He dismissed me.

      7. As a result of his indefinite suspension, I grieved my dismissal from Cinergy/The Cincinnati Gas and Electric Co. The initial hearing was March 8, 2004. Subsequent meetings were held up to the time of the Third Step meeting. I learned after the Third Step meeting that the Union was not continue to represent him. I asked the Union to take the matter to arbitration, pursuant to Article II, section 1(e) and Article II, section 2 of the Agreement. The Union declined and so I had not other alternative than to file this suit based on his right to sue letter received from the EEOC.

      EEOC COMPLAINTS:

1. I filed an EEOC Complaint on August 9, 1996 because the Company was discriminating against me in comparison to white workers at Brecon. The Company restricited my overtime hours because they said I had "too many". However white employees continued to be given overtime hours and they had many more overtime hours that I did  On May 30, 1996, I was blamed for damaged to equipment which was not my fault. I was given a written warning based on lies told by my co-wroker.

The Company placed me under undue scrutiny, and unfairly restricted my duties.. I felt singled out and unduly scrutinized and monitored by management while on the job. This created a hostile environment and caused my performance to be ineffective.  Co-workers knew that I was the most closely watched employee and did not want to work with me because they, too, might be seen doing something wrong. I was unwelcome in any work group.

2. On May 20, 1997, I filed an EEOC discrimination charge complaining of an oral warning that I had been given on February 27, 1997 for going to my car to get something that I need.  Other employees did this all the time and nothing was said about it. I received a written oral warning by Mike Gilligan, supervisor because he said I left my assigned work crew.. I believe that the Company was motivated by retaliation because Jerry Krause, CG&E.s Human Relations Manager, mentioned my previous EEOC complaint when we were meeting on this grievance, unrelated to the first.

3. I filed my next charge with the EEOC on January 6, 1998 for an event that occurred on August 20, 1997. On that day I left my assigned duties under Mike Ryan (white) because of his unsafe driving and other actions.  The other employees have done the same thing and hav  not been  disciplined. In fact, management said that other

employees were "sick" when they walked off the job because of Mike Ryan's unsafe activities. I, however, received a one-day suspension without pay. I felt that was unduly harsh and was done in retaliation for my first two EEOC complaints.

This Company's undue scrutiny is creating a hostile work environment and causing me to get excessive disciplines. I got an Oral Warning for absenteeism on July 23, 1997 and a written waning for absenteeism on July 31, 1997. No white employee is treated this way for refusing to work under Mike Ryan. Management says they that they are "sick". When I complained about Mike Ryan's careless and unsafe work place behavior, CG&E failed to resolve the problem, but punished me by excessive disciplines.

4. On July 23, 1999, I filed a discrimination charge against the Company because it failed to consider my application for an upgrade position from Construction Helper to Groundsperson Driver "A" when I applied on May 17, 1999. I had made significant improvement in their job performance which I can proved by the fact that the Company listed on discipline against me for almost two years, specifically for 21 months.

The Company had told the Union, in writing, during the Fourth Step Grievance Hearing, on or about March 31, 1997, that the Company would consider future applications from me for Groundsperson Driver "A" on condition that I showed significant improvement in my job performance.

The Union accepted this condition for settlement of the Grievance against my wishes. In May 17, 1999, The Company, acting through Don Bricking, its agent, denied Colbert's application for an upgrade to Groundsperson Driver "A". Don Bricking would not answer me as to why he denied my upgrade.

I also believe that I has seniority for that appointment. Instead, I believe that Bricking filled the open position with a Caucasian when I was qualified.

5. On March 31, 2000, I filed my fifth discrimination charge concerning my wrongful termination by the company because I received at least seven written reprimands for my job performance after I grieved the Company's refusal to consider my application for appointment to Groundsperson Driver "A" on May 17, 1999.

These written disciplines were given to me between June 18, 1999 and March 2, 2000. and at least two of them were pending when the Company terminated me on March 8, 2000. I believe this is in violation of the collective bargaining agreement that states that I have a right as an employee to have my grievances against management's decisions "adjusted" by the four step grievance procedure. If I can be terminated in the process, the my rights under the collective bargaining agreement, Article I, Section 9(d) are violated.