Service: **Get by LEXSEE®**
Citation: **2003 U.S. App. Lexis 26607**

*85 Fed. Appx. 445, \*; 2003 U.S. App. LEXIS 26607, \*\**

SERGE SIMONEAU, Plaintiff-Appellant, v. GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 02-1246

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

85 Fed. Appx. 445; 2003 U.S. App. LEXIS 26607

December 19, 2003, Filed

**NOTICE: [\*\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN. 01-60030. Battani. 01-25-02.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee challenged a judgment from the United States District Court for the Eastern District of Michigan, which granted summary judgment in favor of defendant employer on the employee's action for breach of contract and breach of a collective bargaining agreement (CBA).

**OVERVIEW:** The employee initiated a grievance against the employer after the employee was discharged for fighting with a coworker. The employer and the employee's union resolved the grievance through an agreement that provided for the employee's reinstatement. The employee alleged that the employer breached this agreement and the CBA. On appeal, the court held that the employee's state law breach of contract claim was preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.S. § 185, because the claim was inextricably intertwined with consideration of a labor contract. The employee's preempted breach of contract claim actually presented a hybrid § 301 suit for breach of a labor contract, and the breach of the CBA claim was also a § 301 suit. However, the employee failed to allege that the union breached its duty of fair representation; consequently, he failed to allege an essential element of a hybrid § 301 claim, and the employer was properly awarded summary judgment.

**OUTCOME:** The court affirmed the judgment.

**CORE TERMS:** hybrid, summary judgment, state law, breach-of-contract, breached, collective bargaining agreement, labor contract, preempted, grievance, preempts, settlement, reinstate, plant, duty of fair representation, state law claim, genuine issue, moving party, discharged

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** A federal court of appeals reviews the district court's grant of summary judgment de novo and will affirm the decision if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN2** In a motion for summary judgment, the moving party is initially required to demonstrate an absence of evidence supporting the nonmoving party's case. The nonmoving party must then set forth sufficient facts showing that there is a genuine issue for trial.  More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices
**HN3** Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.S. § 185, governs alleged breaches of a labor contract.  More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Federal Preemption
Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action
**HN4** See § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.S. § 185.

Labor & Employment Law > Collective Bargaining & Labor Relations > Federal Preemption
**HN5** Where a decision on a state law claim is inextricably intertwined with consideration of the terms of a labor contract, and when application of state law to a dispute requires the interpretation of a collective-bargaining agreement, those state law claims are preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.S. § 185.  More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Fair Representation
Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices
**HN6** Hybrid actions under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.S. § 185, involve direct challenge to the private settlement of disputes under an applicable collective bargaining agreement.  More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Fair Representation
Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices
**HN7** To prevail in a hybrid action under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.S. § 185, an employee must prove both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation of the employee. No liability can attach to the employer unless the employee establishes both of these elements.  More Like This Headnote

**COUNSEL:** For SERGE SIMONEAU, Plaintiff - Appellant: Harold Dunne, Livonia, MI.

For GENERAL MOTORS CORPORATION, Defendant - Appellee: Alex L. Alexopoulos, Hardy, Lewis & Page, Birmingham, MI.

**JUDGES:** BEFORE: SILER, BATCHELDER and COOK, Circuit Judges.

**OPINIONBY:** DEBORAH COOK

**OPINION:** [*446] **DEBORAH COOK, Circuit Judge.** Plaintiff-Appellant, Serge Simoneau, appeals the district court's grant of summary judgment in favor of Defendant-Appellee, General Motors Corporation ("GM"), on his breach of contract claim. Simoneau claims that GM breached an agreement reached by GM and Simoneau's union, the United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), to settle Simoneau's grievance against GM. Because we find that § 301 [**2] of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, preempts Simoneau's state law breach-of-contract claim, and that he failed to allege a valid federal hybrid § 301 claim, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Simoneau worked as an hourly employee for GM from 1973 until May of 2000. On May 16, 2000, GM discharged Simoneau for fighting with a coworker at GM's Detroit Hamtramck plant. Believing that his misconduct did not warrant the severe sanction of discharge, Simoneau exercised his rights as a UAW member and initiated a grievance against GM. GM and the UAW resolved the grievance with an agreement signed on September 25, 2000 to reinstate Simoneau. The agreement read:

> Management has agreed to reinstate [Simoneau] to work. The reinstatement is based upon the unique circumstances associated with the case. This agreement is made without prejudice to the position of either party and the disposition of this situation will not be referenced nor cited as establishing precedent for settlement of other situations of a similar nature.
>
> [*447] [Simoneau] will be *reinstated to active employment* effective [**3] September 25, 2000. There will be no pay or benefits for time lost as a result of the separation and the time out of the plant will be considered as a period of broken seniority.

(emphasis added). Almost five months later, however, Simoneau was still not working at GM.

Before the district court, the parties urged differing interpretations of the meaning of the settlement's promise of "reinstate[ment] to active employment." Simoneau read the phrase as meaning that GM would return him to work immediately -- on the date it signed the agreement. But GM explained that the debated phrase obligated GM only to convert Simoneau's employment *status* from "discharged" to "active employment" immediately. Upon that conversion, according to GM, Simoneau gained eligibility for transfer and rehire under the collective bargaining agreement's "area hire" procedures. Consistent with those procedures, GM eventually rehired Simoneau at its Lake Orion plant. The district court granted summary judgment to GM and this appeal followed.

## II. ANALYSIS

### A. Standard of Review

HN1 We review the district court's grant of summary judgment de novo and will affirm the decision "if the pleadings, depositions, [**4] answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). HN2 The moving party is initially required to demonstrate an absence of evidence supporting the nonmoving party's case. The nonmoving party must then set forth sufficient facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477

U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

**B. Breach of Contract Claim Preempted under Section 301 of the LMRA**

Simoneau framed his claim against GM as one for breach of his contractual rights (his state law claim) and breach of the collective bargaining agreement. The district court granted summary judgment on a finding of no breach. Because federal law preempts Simoneau's state law breach-of-contract claim and he failed to properly plead a federal hybrid action under § 301 of the LMRA, we affirm summary judgment for GM on those grounds rather than on the grounds utilized by the district court.

Section 301 of the LMRA (29 U.S.C. § 185(a) [**5] ) HN3 governs alleged breaches of a labor contract and provides that:

> HN4 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ...

HN5 Where a decision on a state law claim "is inextricably intertwined with consideration of the terms of [a] labor contract," and when application of state law to a dispute "requires the interpretation of a collective-bargaining agreement," those state law claims are preempted by § 301 of the LMRA. *Jones v. General Motors Corp.*, 939 F.2d 380, 383 (6th Cir. 1991) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985), and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988)). This case closely tracks *Jones* in the aspects that spurred the *Jones* court's preemption conclusion, [*448] and we likewise find Simoneau's state law breach-of-contract claim preempted.

**C. Simoneau Failed to Allege a Hybrid § 301 Cause of Action**

Simoneau's preempted breach-of-contract [**6] claim then actually presents a hybrid § 301 suit for breach of a labor contract. *Id.* at 384. His claim for breach of the CBA likewise must be considered a § 301 suit. Such HN6 hybrid actions involve "direct challenge to the private settlement of disputes under [an applicable collective bargaining agreement]." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 76 L. Ed. 2d 476, 103 S. Ct. 2281 (1983) (internal citation and punctuation omitted). HN7 To prevail in a hybrid § 301 action, an employee must prove both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation of the employee. *Id.* at 164--65. No liability can attach to the employer unless the employee establishes both of these elements. *Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 (6th Cir. 1999).

Simoneau's complaint fails to allege that the UAW breached its duty of fair representation. As Simoneau has failed to allege an essential element of a hybrid § 301 claim, the district court properly granted summary judgment in favor of GM.

**III. CONCLUSION**

We **AFFIRM** the district court's grant [**7] of summary judgment on the grounds that the LMRA preempts Simoneau's breach-of-contract claim and he failed to allege a hybrid § 301 claim as required by the LMRA.

Service: **Get by LEXSEE®**
Citation: **2003 U.S. App. Lexis 26607**
View: Full
Date/Time: Wednesday, April 6, 2005 - 2:44 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.