IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **OLLEN G. COLBERT, JR.,** | * | |
| Plaintiff, | * | Case No.: C-1-00-909 |
| vs. | * | Judge Susan Dlott |
| **CINCINNATI GAS AND ELECTRIC CO.,** | * | Magistrate Timothy Hogan |
| and | * | |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1347,** | * * | |
| Defendants. | * | |

**DEFENDANT INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 1347'S REPLY
BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

**I.     INTRODUCTION**

The Plaintiff went to great depths in his Memorandum in Opposition to Defendant IBEW Local 1347's Motion for Summary Judgment to create disputable issues of fact to go to a jury, including arguing another theory to the case not plead in his Complaint, however, the issues purportedly raised by Plaintiff are nothing more than smoke and screens, and are not sufficient to deny such Motion.

It is well settled that a party opposing a motion for summary judgment must present substantial facts in dispute in order to establish that there is a factual issue worthy of being tried. *Biedler & Bookmyer v. Universal Insurance Company*, 132 F.2d 267, 271 (CA 6, 1984). Mere hope that evidence will turn up at trial is not sufficient to proceed to trial. *Provenzino v.*

*Merchants Forwarding*, 363 F.Supp. 168, (D.C. Mich. 1973). A close inspection of Plaintiff's Memorandum and attached affidavits[1] show that there is no <u>probative</u> evidence in conflict with that contained in Local 1347's Motion and attached affidavit which would prevent the granting of such Motion herein.

## II.    PLAINTIFF'S DEMOTION/UPGRADE DENIAL CLAIM

The Plaintiff submits at p. 9 of his Memorandum in Opposition that he can prove that the "Union did not represent him fairly by not arbitrating his demotion and not grieving and arbitrating his termination." These are the same and only claims made in the Amended Complaint filed herein on May 2, 2003, which expressly provides at paragraph 8:

> Plaintiff brings his breach of contract suit against IBEW, Local 1347 … for ineffective and/or non existence representation of his grievances from 1995 to 1999 on this <u>wrongful demotion</u> and of his grievances on his <u>wrongful dismissal</u> on March 8, 2000…"

The Complaint also provided that the demotion of which the Plaintiff speaks was his demotion from his status as a driver which took place in 1995 (¶6B) and that Local 1347 notified him on September 30, 1999 that it would not seek arbitration over the demotion grievance. (¶6K)

---

[1] Local 1347 joins in Defendant Cincinnati Gas & Electric's (hereinafter referred to as Defendant "CG&E") Motion to Strike Affidavits. As set forth above and argued below, it is Local 1347's position that even if the affidavits submitted by Plaintiff are accepted they fail miserably to create a material issue of disputable fact herein. However, it is also clear that the affidavit of Plaintiff is replete with alleged facts that contradict prior deposition testimony and for that reason alone should not be considered by the Court in ruling on the instant Motion for Summary Judgment. *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453 (CA 6, 1986); *Richle v. Cedar Point, Inc.*, 747 F.2d 209 (CA 6, 1984); *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129 (CA 6, 1989); *U.S. v. The Atlas Lederer Co., et al.*, 97 F.Supp. 2d 834 (S.D. Ohio 2000). It is also well settled that a party who has been questioned at a deposition about specific facts (as was done herein by CG&E's counsel and Local 1347's counsel, must come forward with such evidence at that time and cannot contradict such deposition testimony in a subsequent affidavit. *Reid, supra* at 460; *Holt, supra* at 817.

In addition, the affidavits submitted by Plaintiff are replete with legal conclusions and hearsay evidence, and as such are legally deficient. In this regard, Rule 56(e) of the Federal Rules of Civil Procedure provides that "affidavits shall be made on personal knowledge" and "shall set forth such facts as would be admissible in evidence." A cursory glance at the affidavits submitted by Plaintiff is all that is necessary to establish that such affidavits are deficient in this regard. Affidavits which contain mere conclusory allegations (as those submitted by Plaintiff herein), should be properly disregarded. *Drake v. 2M*, 134 F.3d 878, 887 (CA 7, 1998).

2

This claim must fail for two (2) reasons. First and foremost this very same claim was pled and litigated by Colbert in this very Court in *Colbert v. CG&E, et al.*, (C-1-07-685). The Court therein granted summary judgment to both Defendant CG&E and Defendant IBEW 1347. Local 1347 submits that the doctrine of *res judicata* bars the relitigation of this claim as the prior lawsuit involved the same parties and the same claims. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (CA 6, 1995).

The demotion claim is also barred by the applicable six month statute of limitations for hybrid §301 claims. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983). The Plaintiff does not even attempt to dispute this argument, but instead relies on the argument sent forth below that he is not really filing a claim over the original demotion.

To avoid dismissal of Plaintiff's claim in this regard, Plaintiff facetiously argues in his Memorandum in Opposition that what he is arguing in this case is the Company's breach of a settlement letter resolving the aforementioned demotion grievance and Local 1347's non-responsiveness to CG&E's breach of such settlement, as a result of CG&E's refusal to grant Plaintiff an upgrade to the position of a Grounsperson Driver "A" on or about May 17, 1999.

There are two (2) major flaws in such argument. The first is that nowhere within the confines of the Complaint and the Amended Complaint is this claim mentioned or plead. Summary judgment cannot be defeated on the basis of a claim not sufficiently pled. *Karpel v. Inova Health System Services*, 134 F.3d 1222, 1227 (CA 4, 1998).

Further, and dispositive on its own grounds, this fictitious and phantom claim is also outside of the applicable statute of limitations. According to the Plaintiff's own affidavit at ¶35 the Plaintiff requested that the Union file a grievance over CG&E's refusal to grant his request

3

for an upgrade and that Local 147 refused to do so on or about May 17, 1999.[2] The original Complaint in this matter was filed on or about October 18, 2000, far more than the six (6) month statute of limitations set forth in *Del Costello, supra*.

This belated claim of denial of fair representation for not filing a grievance over the Plaintiff's denial of an upgrade in May, 1999 is also fatally defective as Plaintiff cannot show that such denial is a violation of the collective bargaining agreement. As argued in the original Motion for Summary Judgment for a plaintiff to succeed in a hybrid §301 action he/she must prove both a breach of duty of fair representation <u>and</u> a breach of contract. So as to not burden the Court with identical arguments, Local 1347 submits that for the reasons set forth in Defendant CG&E's Reply Memorandum, Plaintiff has not and cannot show there was any breach of the collective bargaining agreement by the Defendant CG&E in denying Plaintiff an upgrade in 1999.

---

[2] Local 1347 expressly denies that the Plaintiff ever requested that a grievance be filed over the Plaintiff being denied an upgrade in 1999 but does not feel compelled to file a counter affidavit to such effect because whether true or not, such fact is immaterial as this claim was not properly plead and is untimely. Local 1347 further submits that even if such a request and refusal took place the Plaintiff has not and cannot show that Local 1347 breached its duty of fair representation as the Defendant CG&E did not violate the collective bargaining agreement as set forth below.

It is also well settled that there can be no breach of a duty of fair representation where the party claiming the same makes no attempt to invoke the grievance procedure under the terms of a collective bargaining agreement. *Luna v. Machinists* ____ F.Supp. ____ 35 BNA FEP Cases 324, 327, 30 CCH EPD ¶33194 (W.D. Tx. 1982). A union has no obligation or duty to challenge practices that were not subject of a complaint by a member. *Thornton v. East Texas Motor Freight*, 497 F.2d 416 (CA 6, 1964); *Wilson v. Supreme Color Guard Inc.*, 703 F.Supp. 287 (S.D.N.Y. 1989). In *Wilson, supra* at 519, the Court expressly found for the Union where the Plaintiff claimed that the Union failed to adequately challenge or tacitly acquiesced in an employer's alleged improper actions where the Plaintiff never complained to the Union about such action because the Union "had no duty to investigate" the Plaintiff's claim absent such complaint. See also *Babrocky v. Jewel Food Co.*, 645 F.Supp. 1396, 1407 (N.D. Ind. 1986) on rem'd from 773 F.2d 857 (CA 7, 1985) *Mechmet v. Four Seasons Hotels*, 825 F.2d 1173, 1178 (CA 7, 1987); *Hiner v. BDP Company*, 716 F.Supp. 1152, 1155 (S.D. Ind. 1989); *Catley v. Graphic Communications*, 982 F.Supp. 1332 (E.D. Wis. 1997). Herein, it is obvious from Plaintiff's Memorandum in Opposition and from Plaintiff's affidavit that Plaintiff just expected Local 1347 in 1999 to move his 1995 demotion grievance to the 4th step of the grievance procedure because he felt (but did not tell the Union) that Defendant CG&E had violated the 1997 3rd step disposition concerning the grievance.

### III. PLAINTIFF'S DISCHARGE CLAIM

Again, Plaintiff makes assertions and claims without any personal knowledge of the same. Plaintiff claims at page 17 of his Memorandum in Opposition that the "Union produced no evidence" that it investigated[3] the three (3) day suspension issued to Plaintiff on October 25, 1999, and allowed CG&E to reject Colbert's story instead of "holding it on a par with Tom Sams." Local 1347 submits that such claim is legally insignificant and that it has no bearing on Local 1347's ultimate conclusion not to pursue his termination grievance to arbitration. Local 1347 conducted a thorough investigation concerning his termination grievance and concluded it was without merit. (Kelly Affidavit, attached to Local 1347's Motion for Summary Judgment.) Further, Plaintiff's claim in this regard is without any factual support and as such is not legally sufficient as noted by the Court in *Provenzino, supra* at 168, wherein it expressly stated when granting a union's motion for summary judgment that the "mere hope" by plaintiff in "opposing summary judgment that evidence may turn up to support their position does not suffice to warrant a trial."

The Plaintiff seems to suggest that he was immune from termination because he had previously been suspended for one (1) day on August 1, 1999, three (3) days on October 25, 1999, and five (5) days on December 14, 1999, because according to him he had grieved these three (3) disciplinary actions to the Union and that they had not been resolved to his satisfaction at the time of his termination.[4] Plaintiff wrongfully relies on the case of *Gregory v. United*

---

[3] Defendant Local 1437 vigorously contests the insinuation that it did not investigate the three (3) day suspension issued to Plaintiff Colbert in October, 1999 and submits that the affidavit of Business Manager, Fran Kelly, attached to Local 1347's Motion for Summary Judgment conclusively establishes that Local 1347 thoroughly investigated the termination grievance which involved all reasons relied on by Defendant CG&E to terminate the Plaintiff and that Plaintiff's claim that Local 1347 did not conduct its own investigation of the terminations is a totally unsupported, baseless, conclusory allegation without any personal knowledge or support. Mr. Kelly's affidavit expressly states that he conducted a thorough investigation into Plaintiff's termination.

[4] As set forth earlier, Local 1347 denies that the Plaintiff asked to have his one (1) day suspension or five (5) day suspension grieved. However, whether the grievant did or not is not dispositive an does not create a genuine issue

5

*States Postal Service*, 534 U.S. 1 (2001), rev'g 212 F.3d 1296 (Fed.Cir. 2000). Such reliance is misplaced for several reasons. First, and foremost, the Plaintiff relies on the Federal Circuit's decision which was reversed by the Supreme Court. Secondly, this case involved the U.S. Postal Service which has its own internal rules and procedures which are not applicable herein. Additionally, even the Circuit Court, which was reversed, only held that the Review Board could not base its decision on prior disciplinary measures when such discipline was pending within the dispute procedure <u>unless</u> the Review Board independently reviewed the other discipline also. In any event, neither the Circuit Court decision or the Supreme Court held that the <u>employer</u> could not rely on earlier disciplinary measures in determining further discipline. The illogical extreme of Plaintiff's argument utterly defies logic. According to the Plaintiff, he could never be fired so long as he always had a grievance pending, whether meritorious or not. Such position is contrary to industrial jurisprudence and the Court's previous holding in Colbert I.

  Plaintiff also lamely claims that Local 1347 did not conduct a comprehensive investigation into his discharge. This claim is also without any factual support and is an illusory allegation. Frank Kelly, Business Manager of Local 1347 provided an affidavit attached to Local 1347's Memorandum in Support of Motion for Summary Judgment that he conducted an investigation into Plaintiff's termination which included, but was not limited to: talking to Colbert; talking to Union officials; talking with CG&E management employees; and, talking to Local 1347's International Representative. He also advised that he reviewed the Court's decision in Colbert I and sent Mr. Colbert a letter informing him that Local 1347 was not submitting his grievance to arbitration unless he could provide additional evidence. According

---

of material fact. Plaintiff still must prove that Defendant CG&E violated the collective bargaining agreement in terminating his employment and no such showing can be made herein. Clearly, as eloquently argued by Defendant CG&E in its Reply Memorandum, as set forth by this very Court in Colbert I, they are permitted to take into account an employee's prior disciplinary history in meting out discipline, which they did.

to Kelly, and Plaintiff Colbert himself, he provided no new evidence or information. Clearly, Local 1347's decision not to arbitrate Plaintiff's termination grievance was not "so far outside a 'wide range of reasonableness'… as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 75 (1991). Further, Local 1347 had the discretion to decline to arbitrate based on its own evaluation of the merits, even if its evaluation was inaccurate. *Poole v. Budd Co.*, 706 F.2d 181, 183 (CA 6, 1983).

The Plaintiff's case simply comes down to <u>his opinion</u> that he was not properly discharged by Defendant CG&E and that the Defendant Local 1347 should have arbitrated his case. Such a naked opinion is not sufficient to rebut a motion for summary judgment. Rather, the Plaintiff must show (and he has not) more than just some bald claim that there is some alleged dispute between the parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). See also *Hartleip v. McNeilab, Inc.,* 83 F.3d 767, 774 (CA 6, 1996). The Plaintiff is required to present "specific facts showing that there is a genuine issue for trial." *First National Bank v. Cities Serv. Co.*, 391 U.S. 253, 270. See also *Adams v. Phillip Morris, Inc.*, 67 F.3d 580, 583 (CA 6, 1995). Reliance on mere allegations is not enough, *Anderson, supra* at 248, there must be viable probative evidence. *Kraft v. United States*, 991 F.2d 292, 296 (CA 6, 1993), cert. den'd 114 S.Ct. 467 (1993). The Plaintiff simply has not carried his burden herein.

Plaintiff's claims are without any factual support. There was no contractual violation on behalf of CG&E and no breach of duty of fair representation by Local 1347 in arriving at such conclusion. The actions taken by CG&E against Plaintiff were actions that were contractually reserved to them. Plaintiff has not, and cannot show that CG&E violated any express term of the collective bargaining agreement, and thus Local 1347 had no means or obligation to seek affirmative relief on his behalf.

7

## CONCLUSION

Based upon the foregoing authorities, argument, and the undisputed evidence, it is respectfully submitted that Local 1347 is entitled to summary judgment in its favor in this action.

          Respectfully submitted:

          SNYDER, RAKAY & SPICER


          By:   /s/ Jerry A. Spicer
                 Jerry A. Spicer (0011385)
                 Trial Attorney for Defendant
                 IBEW Local 1347


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant IBEW Local 1347's Reply Brief in Support of Motion for Summary Judgment thereof, was electronically filed this 11th day of February, 2005, and will therefore be electronically mailed to:

Ariane Schalwig Johnson ariane,johnson@cinergy.com, Attorney for Defendant Cincinnati Gas & Electric Company, and
Rose Ann Flemming fleming@xzvier.edu, Attorney for Plaintiff


          /s/ Jerry A. Spicer
          Jerry A. Spicer
          RAKAY, SPICER & LEDBETTER
          11 W. Monument Bldg., Suite 307
          Dayton, OH 45402
          (937) 228-2696
          (937) 228-5248 (Fax)
          Trial Attorney for Defendant
          IBEW Local 1347