# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **OLLEN G. COLBERT** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  1:00-CV-00909-SJD-TSH** |
| | ) | |
| **CINCINNATI GAS & ELECTRIC and** | ) | **JUDGE:  J. Dlott** |
| **INTERNATIONAL BROTHERHOOD** | ) | **Magistrate Judge Hogan** |
| **OF ELECTRICAL WORKERS,** | ) | |
| **LOCAL 1347** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY IN SUPPORT OF MOTION TO STRIKE

CG&E's Motion to Strike is well-taken and should be granted. The Court has received sufficient filings and arguments in this matter and brevity is in order.

First, contrary to Colbert's arguments, Fed. R. Civ. P. 12(f) has nothing to do with this motion.  That rule applies to pleadings which are normally defined as complaints, answers and other responsive pleadings and do not include motions to strike affidavits.  Such motions are made under Fed. R. Civ. P. 56(e) which requires that affidavits offered in support of a motion for summary judgment be made on "personal knowledge, set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein.

Second, CG&E does not believe the Court wishes either party to offer further argument on the merits of summary judgment as plaintiff has attempted to do throughout much of his brief and particularly on pages 4 through 6.  CG&E will stand on its prior briefs unless the Court invites further briefing on any of these issues.

Third, the belated attempt to offer a signed affidavit by Quarles is objectionable. What plaintiff offered in support of his motion was unsigned and should be stricken.

Fourth, Colbert had opportunity to provide specifics in his deposition and failed to do so. Now, in an effort to bolster his case he offers affidavits that are comprised primarily of allegations and his opinions about how he believes he was treated unfairly. Those assertions are never backed with specific evidence of events involving others who were similarly situated. Thus, even if the affidavits are not stricken, they add nothing of value.

Finally, plaintiff's depositions, which are on file with the Court, speak for themselves. Colbert was asked about each incident that he complained about and in each case, could point to nothing that suggested racial animus, whether it was in the form of a statement or in dissimilar treatment between similarly situated employees. His attempt to reach back over the years to situations that are not even identified as involving the same supervisor do him no good.

For the reasons set forth in its motion to strike and herein, CG&E requests that the motion be granted.

Respectfully submitted,

CINERGY CORP.


By:     s/Ariane Schallwig Johnson
        Ariane Schallwig Johnson, #2104-45
        One of the Attorneys for Cincinnati Gas &
        Electric

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **May 6, 2005**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Rose Ann Fleming
Rose Ann Fleming Professional Legal Corp.
3855 Ledgewood Drive, Suite 13
Cincinnati, OH 45207
fleming@xavier.edu

Jerry A. Spicer
Snyder, Rakay & Spicer
11 West Monument Building, Suite 307
Dayton, OH 45402
snyrakspi@aol.com

s/Ariane Schallwig Johnson
Ariane Johnson

Ariane Schallwig Johnson
LEGAL DEPARTMENT
CINERGY SERVICES, INC.
1000 E. Main Street
Plainfield, IN 46168
Telephone: 317/838-1285
Facsimile: 317/838-1842
ariane.johnson@cinergy.com