UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**OLLEN COLBERT, JR.,**                         **CASE NO. 1:00CV-909**
    **PLAINTIFF**                                            **(DLOTT, J.)**
                                                             **(HOGAN, M.J.)**
**VS.**

**CINERGY/CINCINNATI GAS**
**AND ELECTRIC COMPANY,**
    **DEFENDANT**

### ORDER

Before the Court are Defendant's Motion to Strike the Affidavits of Plaintiff, Dudley Charles and Leon Walters (Doc. 106), Plaintiff's Memorandum in Opposition (Doc.111) and Defendant's Reply (Doc. 114). For the reasons which follow, Defendant's Motion is granted in part and denied in part.

### PLAINTIFF'S AFFIDAVIT

Defendant's Motion, insofar as it concerns the first 37 paragraphs of Plaintiff's Affidavit, attacks the enumerated material on the grounds that it simply repeats material found elsewhere in the record. Having conceded that the material objected to is factual and on the record, the Court does not wish to engage in an academic exercise to determine if the material exists in the record other than in Plaintiff's Affidavit. To attempt to do so would simply be a waste of time.

Defendant's Motion, insofar as it concerns Plaintiff's Affidavit, is based on two other and more significant problems. Defendant finds: (1) Plaintiff's Affidavit expresses beliefs and opinions and makes legal arguments, rather than provide factual information and (2) Plaintiff's Affidavit contradicts his deposition testimony on the same subjects. Plaintiff's Affidavit was signed on March 29, 2005 and consists of 99 numbered paragraphs. Paragraphs 31, 32, 35, 36, 38, 39, 41, 63, 68, 72, 73 and 75 all state Plaintiff's personal beliefs and not facts. These paragraphs of Plaintiff's Affidavit are stricken.

The objection to Paragraph 40 is that it states an opinion, rather than a fact. Simply stated, Paragraph 40 is not a model of clarity. What Paragraph 40 intends to say is that the Union breached its duty of fair representation when it did not challenge the company's denial of Plaintiff's request for an upgrade. This is simply Plaintiff's theory of the case as otherwise expressed. A similar objection is made to Paragraph 74, wherein Plaintiff lists the source of his belief that his filing of an EEO complaint was the stimulus for the company's retaliation against him. There is no reason to strike either Paragraphs 40 or 74.

The objection to Paragraphs 42-66 is that Plaintiff added factual assertions that he did not make during his three previous depositions. Plaintiff's statements in numbered paragraphs 60-66 are generally factual statements consistent with Plaintiff's prior deposition testimony. The Court, however, will strike Plaintiff statement giving Bricking's reason for denying Plaintiff vacation time in Paragraph 62, will strike Plaintiff's belief that his was the exceptional circumstance relative to the time limit for requesting vacation time prior to the time vacation was to be taken, and will strike Plaintiff's conclusion in Paragraph 61 that Bricking's misrepresented certain facts to his superiors. With reference to Plaintiff's statements in numbered Paragraphs 50-59, the Court will not take judicial notice of the time it would have taken to drive from the Brecon Yard in Sharonville to downtown Cincinnati on March 2, 2000 between the hours of 12:00 and 1:00p.m.and will strike Plaintiff's description of Bricking's motivation in Paragraph 57, and the entire Paragraph 59. The Court will not strike any portion of Paragraphs 40-49, except for Paragraph 41 previously discussed.

### DUDLEY QUARLES' AFFIDAVIT

Defendant's initial response to this Affidavit was to point out that it was unsigned, a situation that was subsequently corrected. Defendant's second objection is based on an apparent lack of personal knowledge. Quarles states that he worked at the Brecon Yard from 1994 until 1999. It is undisputed that Bricking did not work there until January, 1999. Quarles also states that "Bricking looked the other way when Ralph Kroger took company property, had an incident with a company truck and got a DUI." Neither Quarles' Affidavit nor counsel's description of the events involving Kroger (See Quarles Affidavit, Paragraph 7 and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Pgs. 5-6), indicate where or when the Kroger incidents took place. Assuming that the events took place at Brecon sometime during

1999 and further assuming that Bricking was Kroger's supervisor, it is obvious that Quarles has no direct knowledge of the company's response to Kroger's alleged misbehavior and that Quarles' testimony on the subject is inadmissible hearsay. The same rationale applies to Paragraph 11.

Quarles further states in Paragraph 8 that "Colbert was supervised by management much more intently than any other employee under management's control." Although the basis for this conclusion does not appear in the Quarles Affidavit, and assuming that such a conclusion may be based on personal knowledge, the fact fails to show a racial animus because Bricking's un-rebutted testimony was that Plaintiff had the worst disciplinary record at Brecon and had "an attitude problem." The same rationale applies to Paragraphs 9, 10 and 12.

Paragraph 14 of the Quarles Affidavit states a hypothetical and is obviously inadmissible. In summary, Paragraphs 7, 8,9,10, 11, 12 and 14 of the Quarles Affidavit are stricken from the record.

**LEON WATERS' AFFIDAVIT**

Although not specifically identified, Defendant's argument as expressed in its Memorandum in support of its Motion to Strike, attacks Paragraphs 15 and 19 of the Waters Affidavit. While Paragraph 15 appears to state a conclusion unsupported by specific facts which led to it, it also does little harm to Defendant because the phrase "for anyone else, the company would simply provide a room to sit down and do some paperwork until it was time to go" does not state or imply a racial animus. Paragraph 19 should be stricken as totally hypothetical.

In summary, Paragraph 15 stands; Paragraph 19 is stricken.

**IT IS THEREFORE ORDERED THAT:** Defendant Cinergy/Cincinnati Gas & Electric Co.'s Motion to Strike is granted in part and denied in part as described in the body of this Order.

May 20, 2005                                    _s/Timothy S. Hogan_____
                                                Timothy S. Hogan
                                                United States Magistrate Judge