UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OLLEN G. COLBERT, JR.,<br>    PLAINTIFF<br><br>VS.<br><br>CINERGY/CINCINNATI GAS<br>AND ELECTRIC COMPANY, ET AL.,<br>    DEFENDANTS | CASE NO. 1:00-CV-909<br>(DLOTT, J.)<br>(HOGAN, M.J.) |

REPORT AND RECOMMENDATION

Before the Court are the Motion for Summary Judgment of Defendant, International Brotherhood of Electrical Workers, Local 1347 (hereafter called the "Union") (Doc. 94), Plaintiff's Memorandum in Opposition (Doc. 103) and Defendant Union's Reply (Doc. 108). For the reasons which follow, Defendant Union's Motion should be granted.

BACKGROUND INFORMATION

Plaintiff was employed as a driver by Cinergy/Cincinnati Gas & Electric Co., (hereafter called C. G. & E.) From April, 1990 to March, 2000, at which time he was terminated for insubordination. In 1995, Plaintiff was demoted from his position as driver. Plaintiff filed a grievance over that administrative action and was represented by the Union in the process, the result of which was a settlement, by means of which Plaintiff was permitted to bid back into the driver position if his performance improved. Accordingly, the Union did not proceed to arbitration. Plaintiff's previous law suit challenging the basis for his demotion and the Union's alleged failure to represent him properly resulted in an Order granting Summary Judgment in favor of the Union and the employer. (See *Colbert vs. C.G. & E.*, C-1-97-685). In the intervening period between the date of his demotion and eventual termination, Plaintiff

accumulated a total of 21 disciplinary entries relative to his performance record. Then in March, 2000, Plaintiff was indefinitely suspended by his immediate supervisor, Donald Bricking, for refusing an order to either saw poles or paint because he didn't want to get dirty. A disciplinary hearing was held on March 8, 2000, at which time Plaintiff was represented by a union steward. The Union processed a grievance over Plaintiff's termination, but declined to arbitrate. Plaintiff's termination and the Union's refusal to take Plaintiff's grievance to arbitration were the stimuli for the filing of the present litigation. Clearly, Plaintiff's disciplinary record was not an asset to the Union in its efforts to provide fair representation during the grievance process, nor was Plaintiff's failure to set forth any acceptable explanation why he refused to obey a supervisor's direct order.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff's Amended Complaint raises a hybrid Section 301 claim against the Union. *See* 29 U.S.C. § 185. Plaintiff alleges that the Union breached the duty of fair representation by (1) failing to represent him during the grievance process following a demotion from a position as driver and failing to arbitrate that grievance and (2) failing to arbitrate his termination from C.G. & E. (*See* Amended Complaint, ¶¶ 6, 8).

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law.

In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgement motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

      The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

      If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## THE DEMOTION IN 1995

Defendant Union asserts that Plaintiff's claims, as described in Paragraphs 6(I-K) and 8 of the Amended Complaint, are barred by the doctrine of res judicata, which precludes a subsequent action by identical parties on identical claims. (*See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). Defendant Union also asserts that, even if Plaintiff's claims were not precluded by res judicata, the claims would be barred by the applicable six month statute of limitations, 29 U.S.C.§ 185. In this respect, the record reflects a dispute regarding the time that Plaintiff was formally notified of his demotion. Plaintiff stated in his Complaint that the date was on or about September, 1999, while Frank Kelley, a Union business manager, stated in his affidavit that the notice was prior to May, 1997. For purposes of argument, one must assume in the context of a summary judgment motion that Plaintiff's date is the correct one, although he is most likely incorrect. The Complaint was filed in October 2000, a date far beyond the statutory limit of sometime in March, 2000.

Plaintiff argues that the doctrine of res judicata is inapplicable because in this litigation the claims in the two respective law suits are different. In the present litigation, Plaintiff argues that it is the Union's response to the settlement agreement, not its failure to arbitrate Plaintiff's demotion, which describes Plaintiff's claims. In other words, Plaintiff says that as a result of the settlement discussions following the processing of his grievance over the demotion from the position of driver, the grievance was withdrawn on the condition that Plaintiff be considered for a reinstatement if he maintained a satisfactory work record for a significant period of time, defined as at least a year, according to Plaintiff. Following through on this argument, Plaintiff asserts that he applied for a "Driver A" upgrade, essentially a reinstatement to his former position, in May, 1999 and that he had not had a disciplinary action for at least 20 months. Thus Plaintiff asserts that by ignoring the employer's denial of his application for an upgrade or reinstatement, the Union breached its duty of fair representation.

Defendant Union objects to Plaintiff's description of his claim as presented in his Memorandum in Opposition to the Union's Motion for Summary Judgment on the basis that what was pled was the Union's breach of the duty of fair representation resulting from Plaintiff's wrongful demotion, not Defendant's breach of the settlement agreement. Notwithstanding the apparent validity of such a position, Defendant also points out that even if Plaintiff had validly raised such a claim, it would have accrued in May, 1999 or shortly thereafter. When the date the

claim would have accrued is compared with the filing date of this case, October, 2000, it is clear that the claim is barred by the statute of limitations. In other words, while Plaintiff may be able to escape the effect of res judicata by its argument against claim preclusion, it can't and doesn't try to overcome Defendant's statute of limitations defense. Summary Judgment is appropriate on the wrongful demotion claim or as Plaintiff describes it, the breach of the settlement agreement claim. *See Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983).

### THE TERMINATION IN 2000

Notwithstanding Defendant's argument that there can be no breach of the duty of fair representation unless there is a breach of the collective bargaining agreement (CBA), we prefer to evaluate the Union's performance based on what it did, rather than what the employer did. Those presenting the grievant's position at disciplinary hearings are not lawyers and are not expected to perform to the level required of lawyers. Rather, they are union stewards and business agents whose performance may not be arbitrary, discriminatory or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171 (1967). A decision by a union not to arbitrate a grievance is not actionable unless it is so far outside the range of reasonableness as to be irrational. *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65 (1991). Mere negligence is insufficient to establish a breach of the duty of fair representation. *Walk v. P.I.E. Nationwide, Inc.*, 958 F.2d 1323 (6th Cir. 1992). It is also clearly established that a union has no obligation to arbitrate or even to fully pursue every grievant's case. *Williams v. Molpus*, 171 F.3d 360 (6th Cir. 1999).

The record in this case establishes that Frank Kelly, the Union's Business Manager, met with Plaintiff in order to obtain Plaintiff's version of the facts. The Union presented a grievance and allowed Plaintiff to select a representative for the termination hearing at which Plaintiff testified. Prior to making the decision not to arbitrate, Kelly met with the Union's international representative, considered the Court's order granting summary judgment to the Union and employer on Plaintiff's first suit against these identical parties (called Colbert I by the Union), and concluded that Plaintiff's prior disciplinary record was properly considered by the employer in making its termination decision. In summary, the Union's decision not to arbitrate was based

on its conclusion that the Union was unlikely to succeed because the employer acted within the parameters of the CBA.

     In his attempt to dispute the above and to create a question of fact, Plaintiff argues that the employer essentially preempted grievances which were pending at the time by terminating him, based in part on his disciplinary record, because a successful result of those pending grievances for Plaintiff would have diminished his disciplinary record. This argument would make far more sense if Plaintiff's disciplinary record did not contain near as many entries as was the case. According to the employer, these entries number 31. Plaintiff's second argument is that there was a factual dispute regarding the incident which prompted Plaintiff's indefinite suspension pending the disciplinary hearing. After being ordered to work and having refused to comply, Plaintiff says he requested and was denied a vacation day so that he could attend a Union meeting later that day without being "sweaty and dirty." Bricking, the supervisor who ordered Plaintiff back to work, did not relate to his boss, Kenny Miller, who approved the order of indefinite suspension, that Plaintiff's reason for refusing to saw poles or paint was based on Plaintiff's desire to appear at the Union meeting lat that day in a clean condition. Although Plaintiff's seniority status would indicate that he was entitled to a vacation day, such a request is subject to proper notice to the employer so that a substitute, if necessary, could be scheduled. Article IV, Section 6(e) of the CBA grants a supervisor the right to authorize requests for vacation for which notices to that effect were not submitted 7 days in advance because of "extenuating circumstances." However, the employer was well within his rights under the CBA to deny such a request, when made on the spot, and in order to prevent a suspension or immediate termination for insubordination. For the Union to fail to arbitrate because of the two woefully weak arguments suggested by Plaintiff hardly demonstrates that the Union acted in a perfunctory manner, with caprice or without a rational explanation.

     Because Plaintiff has failed to show that there is a genuine issue of fact regarding the Union's duty to arbitrate either his demotion or ultimate termination, there is no legitimate reason to continue the litigation of this case.

     **IT IS THEREFORE RECOMMENDED THAT** Defendant Union's Motion for Summary Judgment (Doc. 94) be granted and this case dismissed from the docket of the Court.

May 18, 2005                                     s/Timothy S. Hogan
                                              Timothy S. Hogan
                                              United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 5/20/2005. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\HOGANTS\colbert.wpd