Rose Ann Fleming
ROSE ANN FLEMING PROFESSIONAL CORPORATION
3855 Ledgewood Drive, Suite 13
Cincinnati, OH  45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu
Attorney for Plaintiff

# THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO  (CINCINNATI)
## WESTERN DIVISION

| | |
|---|---|
| **OLLEN G. COLBERT, Jr.,** <br><br>            Plaintiff, <br><br> vs. <br><br> **CINERGY,** <br> **THE   CINCINNATI GAS AND ELECTRIC COMPANY,** <br><br> **AND** <br><br> **INTERNATIONAL   BROTHERHOOD   OF ELECTRICAL WORKERS,** <br> **LOCAL 1347,** <br><br>            Defendants. | Case No.: 1:00-CV-909 <br><br> Judge Susan J. Dlott <br> Magistrate Judge Timothy J. Hogan <br><br><br> **PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT GRANTING SUMMARY JUDGMENT TO INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL, 1347.** |

Comes now Plaintiff, Ollen G. Colbert, Jr.,  by and through Counsel, and respectfully moves this Court to review the Magistrate's Findings, Recommendations and Report (Doc. 117), based on Plaintiff's objections thereto, more specifically set forth in the Memorandum in Support of this motion which is attached hereto. The Magistrate issued his Findings,  Recommendations and Report granting Defendant,  International Brotherhood of International Workers, Local 1347 (hereinafter referred to as IBEW)'s  Motion for Summary Judgment.

Essentially, the Magistrate did not consider the genuine issues of material facts raised by Plaintiff in his Memorandum in Opposition, regarding the following: 1) Colbert's  demotion in 1995 in so far as IBEW failed to resume its representation of Plaintiff upon evidence of

1

C.G.&E.'s breach of the settlement agreement by C.G.&E.'s refusal to consider Plaintiff's application for Groundsperson Driver A position in May, 1999 based on timely filing under the statute of limitation for contracts; 2) the Magistrate erred in holding that the stature of limitations barred Plaintiff's complaint regarding his denial of employment upgrade in May, 1999; and 3) Colbert's termination by C.G.&E in March, 2000 while two critical grievances were pending in so far as the Union failed to investigation the circumstance of the March 2, 2000 disagreement between Colbert and his supervisor, Bricking, and for failure of fair representation concerning Colbert's pending grievances.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT**

**1. THE MAGISTRATE ERRED IN NOT FINDING THAT IBEW FAILED TO REPRESENT COLBET FAIRLY WHEN THE UNION DID NOT OBJECT TO C.G.&E.'S REFUSAL TO CONSIDER COLBERT FOR A PROMOTION TO GROUNDSPERSON DRIVER A IN MAY, 1999 IN BREACH OF THE SETTLEMENT AGREEMENT.**

On March 31, 1997, C.G.&E. and IBEW agreed that IBEW would withdraw its grievance over the demotion of Plaintiff contingent upon C.G.&E.'s willingness to consider Plaintiff for promotion if he remained without disciplines at his job for a significant period of time. C.G.&E. defined "significant period of time" as at least a year. It is uncontroverted that Plaintiff remained without work disciplines for 20 months while he was employed by C.G.&E. Notwithstanding, on May 17, 1999, C.G.&E. refused to consider Plaintiff's application for an advertised opening of a Groundperson Driver A position. This is a prima facie case of breach of contract. Nevertheless, IBEW did not grieve this breach for Plaintiff. If Plaintiff had a valid grievance on

which the Union was then representing him over his March 1995 demotion, it is a flagrant violation of Union's duty to Colbert as a dues paying member to fail to resume Plaintiff's grievance which the Union had given up only on a contingent basis. That contingency was specifically that C.G.&E. would consider his promotion upon evidence of no disciplines from the Company for the year.

Based on the case law, as developed and quoted in Plaintiff's Memorandum in Opposition to Defendant IBEW's Motion for Summary Judgment, (page 16), *Driver v. United Sates Postal Service, Inc.*, 328 F. 3d 863 (6th Cir. 2003), states that:

> The union has a duty to conduct an independent investigation. A union may not, for example, … give up on an employee's grievance solely because the employer's evidence indicates that the employee was at fault for an incident.

*(Driver,* at 896),

In the instant case, the Union had made a contingent agreement with C.G.&E. that Colbert would be eligible for promotion if there was a change in his behavior for a significant length of time. The significant length of time was defined by C.G.&E. to be at least a year. The record shows that Colbert had been without disciplines at his employment for at least 20 months. The Court in *Driver* held that the duty that the Union had to the employee "does require that a union investigate the complaint and handle the grievance fairly". (*Id*). In the case sub judice, when the Union was notified of the breach of the settlement agreement by the denial of Colbert's application from consideration for the Groundsperson Driver A position, the record indicates that the Union did nothing for Colbert, but acquiesce to C.G.&E. The Union, here, clearly acted irrationally. In *Air Line Pilots International v. O'Neill,* 499 U.S. 65, at 69, the Court states:

> On certiorari, the United States Supreme Court reversed. In an opinion by Stevens, J., expressing the unanimous view of the court, it was held that (1) the rule that a union breaches its duty of fair representation if the union's actions are

3

> either arbitrary, discriminatory, or in bad faith, applies to all union activity, including not only contract administration and enforcement but also contract negotiation; (2) a union's actions are arbitrary, so as to constitute a breach of the duty of fair representation, only if--in light of the factual and legal landscape at the time of the union's actions--the union's behavior is so far outside a wide range of reasonableness as to be irrational; . . . .

IBEW did nothing about the Union's refusal to allow Colbert to be considered for the Groundsperson Driver A position. The Union did not handle here contract negotiation or administration. It ignored its duty.

WHEREFORE, Plaintiff respectfully asks the Court to find that the Union failed in its duty of fair representation to Colbert when it failed to resume his grievance in May, 1999 on his demotion in March of 1995 since C.G.&E.'s actions indicated that they did not intend to keep its promise to allow Colbert to apply for a promotion to Groundsperson Driver A after a significant improvement in his behavior for a least a year.

2. **THE MAGISTRATE ERRS IN HOLDING THAT PLAINTIFF "CAN'T AND DOESN'T TRY TO OVERCOME DEFENDANT'S STATUTE OF LIMITATIONS DEFENSE". (Magistrate's Recommendations and Report, Page 5).**

The Magistrate overlooked Colbert's footnote No. 3 on page 12 of his Memorandum in Opposition to International Brotherhood of Electrical Workers' Motion for Summary Judgment wherein he states that he has treated the Hybrid Section 301 Claim in contemporaneously in his Memorandum in Opposition to Cinergy/The Cincinnati Gas and Electric Company's Motion for Summary Judgment, and incorporates in present Memorandum the arguments set forth therein. Plaintiff did set forth his defense that the Title-VII-Claim-Based-Actions before May 1999 are not barred at page 3 through page 5 in his Memorandum and is based on the following case law: *Black Law Enforcement Officers Association v. City of Akron*, 824 F.2d 475, 483 (6th Cir. 1987),

and *National Railroad Passenger Corl (AMTRAK) v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2071 (2002).

In *Black Officers*, - a Sixth Circuit holding – the Court held that the statute of limitations did not bar a Plaintiff from offering proof of a pattern or practice of discrimination, citing *United States v. Garvin,* 565 F. 2d 519, 523 (8th Cir. 1977), holding that evidence of events extending beyond the statute of limitations are admissible to show motive, intent, or continuing scheme. Plaintiff believes that the purpose of Rule 56 is to test the Complaint with evidence to make certain that there are genuine issues of material fact, for which there is evidence to present at Court, so Defendant's defense of the statute of limitations fails as to evidence on Title VII cases.

Secondly, AMTRAK quotes *Harris v. Forklift Systems,* 536 U.S. 71 at 23, citing those same elements that the Magistrate cites in his report to establish a hostile work environment. It states, as follows:

> The question of whether a Court may, for the purpose of determining liability, review all such conduct, including those acts that occur outside the filing period, turns on the statutory requirement that a charge be filed within a certain number of days "after the alleged unlawful employment practice occurred." Because such a claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice," it does not matter that some of the component acts fall outside the statutory time period.

Colbert's failure to get an ungrade is one of several discriminatory acts that provoked a succession of EEOC filings. The actions complained of in these filings constituted "one unlawful employment practice" and the Union, by it failure to fairly represent Plaintiff is included in that time frame since C.G&E. breach of the settlement agreement is a breach of the collective bargaining agreement.

**3. THE MAGISTRATE ERRS IN NOT HOLDING THE UNION LIABLE FOR FAILURE OF FAIR REPRESENTATION OF COLBERT BECAUSE IT DID NOT**

5

**OBJECT TO COLBERT'S TERMINATION WHILE TWO GRIEVANCES WERE PENDING.**

On page 6 of his Report, the Magistrate states:

> In an attempt to . . . create a question of fact, Plaintiff argues that the employer essentially preempted grievances which were pending at the time by terminating him, based in part on his disciplinary record, because a successful result of those pending grievances for Plaintiff would have diminished his disciplinary record.

The Magistrate ignores Plaintiff's argument as set forth in *United States Postal Service v. Gregory*, where the Supreme Court held that "when assessing the reasonableness of [termination and other serious disciplinary actions] the Board [that is, the Decision Makers, arbitrators, etc.] may not consider prior disciplinary actions that are pending in collective bargain grievance proceedings". (Supreme Court, 00-758, November 13, 2001, 212 F.ed 1296, May 15, 2000),

Colbert was terminated on March 2, 2000, due to a misrepresentation of his supervisor to Ken Miller, Manager, that Colbert was insubordinate and did not want to "get dirty" in anticipation of his union hearing. Colbert was attempting to get his supervisor-Bricking- to state what time he could leave his work to make the meeting with his legal representative prior to the meeting. At that time, Colbert had grieved two suspensions, one three day and one five day, occurring in November and December 2004, respectively. Based on *Gregory* above, the Company, who had reserved to itself in this case the ultimate right to terminate employees, was not allowed to consider past action while there were pending grievances. The Company's letter of March 15, 2000 indicates that it did include such disciplines and the Company's termination indicates it ignored the pending grievances. The Union failed to investigate this matter. It did not know that Bricking did not tell Ken Miller that Colbert's questions on March 2, 2000 about a time to leave were motivated by his meeting with his Union representative. Further, the Union's actions were non-effective and therefore must be classified as perfunctory under Litton. The

6

Magistrate's Report ignores these arguments address on pages 11 and 20 of the Plaintiff's Memorandum in Opposition to International Brotherhood of Electrical Workers' Motion for Summary Judgment.

WHEREFORE, Plaintiff respectfully requests that this Court find that the Union failed to represent Plaintiff fairly as a matter of law.

.

                        Respectfully submitted,

                        /s/Rose Ann Fleming
                        Rose Ann Fleming
                        BAR ID. #0041337
                        ROSE ANN FLEMING, P.C.
                        3855 Ledgewood Drive
                        Suite 13
                        Cincinnati, OH 45207
                        Phone: 513-924-8389
                        Fax: 513-924-8389
                        Email: Fleming@xavier.edu

### CERTIFCATE OF SERVICE

**I HEREBY CERTIFY** that on 6th day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ariane Schallwig Johnson, Esq.
Legal Department
Cinergy Services, Inc.
1000 E. Main Street
Plainfield, IN 46168
Telephone: 317-838-1285

Facsimile: 317/838-1842
Ariane.johnson@cinergy.com

And

Jerry A. Spicer
Snyder, Rakay & Spicer
11 West Monument Building, Suite 307
Dayton, OH 45402
937-228-2696
937-228-5248
snyrakspi@aol.com

/s/Rose Ann Fleming
Rose Ann Fleming
BAR ID. #0041337
ROSE ANN FLEMING, P.C.
3855 Ledgewood Drive
Suite 13
Cincinnati, OH  45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu