**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **OLLEN G. COLBERT, JR.,** | * | |
| Plaintiff, | * | Case No.: C-1-00-909 |
| vs. | * | Judge Susan Dlott |
| **CINCINNATI GAS AND ELECTRIC CO.,** | * | Magistrate Timothy Hogan |
| and | * | |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1347,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1347'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant, International Brotherhood of Electrical Workers, Local 1347 (hereinafter referred to as "Local 1347" submits that Plaintiff's Objections to the Magistrate's Findings, Recommendations and Report which granted Summary Judgment to Local 1347 should be denied in their entirety and respectfully requests that this Court adopt the Referee's Report and Recommendation herein. Plaintiff's Objections are nothing more than spilled milk and sour grapes.

Plaintiff claims that the Magistrate Judge "did not consider the genuine issues of material facts raised by Plaintiff in his Memorandum in Opposition," and argues that the Magistrate erred by: 1.) not considering his denial of an upgrade application in May, 1999 under the statute of limitations for contracts; 2.) holding that Plaintiff's claim for an upgrade was barred by the

applicable statute of limitations; and, 3.) by not holding Local 1347 liable for breach of duty of fair representation because it did not object to Plaintiff's termination while two (2) grievances were pending.

In respect to Plaintiff's first allegation of Magistrate error, the plaintiff rambles about Local 1347's duty to fairly represent Plaintiff but offers no authority as to why Local 1347's alleged failure should be decided on a statute of limitations for contracts basis rather than the six month statute of limitations set by the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983). The reason for such failure to provide supporting legal authority for such theory is obvious, there is no such authority. It is also interesting that plaintiff did not raise such argument in his Memorandum in Opposition to Local 1347's Motion for Summary Judgment.

In respect to Plaintiff's second allegation of Magistrate error, Plaintiff harangues the Magistrate for deciding the 1999 upgrade allegation on a statute of limitations basis, but again offers no probative legal authority to rebut such conclusion. Instead, Plaintiff nonsensically cites two (2) Title VII cases, *Black Law Enforcement Officers Association v. City of Akron*, 824 F.2d 475, 483 (CA 6, 1987), and *National Railroad Passenger (AMTRAK) v. Morgan*, 536 U.S. 101, 122 S.Ct. 206), 207 (2002) and argues that Plaintiff's claim of an improper upgrade "is one of several discriminatory acts that provoked a succession of EEOC filings," and that such filings constituted "one unlawful employment practice" and that Local 1347's failure to represent is "included in that time frame." This allegation is so convoluted that it is hard to respond, and utterly defies logic.

Plaintiff obviously forgot that he has no Title VII claim against Local 1347, nor were any of the EEOC filings referred to filed against Local 1347, as previously held by this Court in an

2

Order sustaining Local 1347's previous Motion for Summary Judgment entered on January 2, 2002, which finding was not disturbed by the Magistrate Judge's later recommendation entered on April 22, 2003, which allowed Plaintiff to amend the Complaint against Local 1347 to make a section 301 claim under the Labor Management Relations Act.

The Magistrate Judge clearly properly held that Plaintiff's 1999 upgrade claim was untimely under *DelCostello, supra*, as there is no Title VII claim against Local 1347.

Lastly, Plaintiff claims that the Magistrate Judge erred in not finding Local 1347 liable for not objecting to his termination while two (2) grievances were pending, and cites *United Postal Service v. Gregory*, (Supreme Court, 00-758, November 13, 2001, 212 F.ed 1296, May 15, 2000). [Plaintiff's citation] Plaintiff wrongfully relies on the case of *Gregory v. United States Postal Service*, 534 U.S. 1, rev'g 212 F.3d 1296 (Fed. Cir. 2000). Such reliance is misplaced for several reasons. First, and foremost, the Plaintiff relies on the Federal Circuit's decision which was reversed by the Supreme Court. Secondly, this case involved the U.S. Postal Service which has its own internal rules and procedures which are not applicable herein. The illogical extreme of Plaintiff's argument utterly defies logic. According to the Plaintiff, he could never be fired so long as he always had a grievance pending, whether meritorious or not. Such position is contrary to industrial jurisprudence and the Court's previous holding in Colbert I.

Simply put, the Plaintiff falls woefully short in his Objections to establish that there is any material fact in dispute or that Local 1347 is not entitled to judgment as a matter of law.

**CONCLUSION**

Local 1347 respectfully submits that the Report and Recommendation of the Magistrate Judge be accepted and adopted by this Court and an Order be so Entered.

Respectfully submitted:

SNYDER, RAKAY & SPICER

By: /s/ Jerry A. Spicer
Jerry A. Spicer (0011385)
Trial Attorney for Defendant
IBEW Local 1347

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed this 20th day of June, 2005, and will therefore be electronically mailed to:

Ariane Schalwig Johnson ariane,johnson@cinergy.com, Attorney for Defendant Cincinnati Gas & Electric Company, and
Rose Ann Flemming fleming@xzvier.edu, Attorney for Plaintiff

/s/ Jerry A. Spicer
Jerry A. Spicer
RAKAY, SPICER & LEDBETTER
11 W. Monument Bldg., Suite 307
Dayton, OH 45402
(937) 228-2696
(937) 228-5248 (Fax)
Trial Attorney for Defendant
IBEW Local 1347

4